KSR 8/15/01 10:03

3:96-CV-00888 UNITED REPORTING V. LUNGREN

*155*

*CONSJGM.*

01 AUG 14 PM 4:34

BY: [signature] DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

UNITED REPORTING PUBLISHING CORP., a California Corporation,

Plaintiff/Appellee

vs.

CALIFORNIA HIGHWAY PATROL, et al.

Defendants.

CASE NO. 96 CV0888-B 97-55111

**FINAL JUDGMENT ON CONSENT**

Date:
Time:
Judge: Honorable Rudi M. Brewster

United Reporting Publishing Corporation (hereafter "United Reporting") and Los Angeles Police Department (hereafter "LAPD"), the sole remaining parties to this action, hereby agree and consent to entry of judgment in this action against LAPD and in favor of United Reporting as set forth below. This Final Judgment on Consent constitutes a final judgment binding on all parties to this action.

**IT IS ORDERED, ADJUDGED, AND DECREED:**

A. This Court has subject matter jurisdiction over this action and has personal jurisdiction over the parties.

B. The following decisions contain findings of material facts and conclusions of law made in this case: *United Reporting*

155

ENTERED ON 8-15-01

*Publishing Corporation v. Lungren, et. al.*, 946 F. Supp. 822 (S.D.Cal. 1996); *United Reporting Publishing Corporation v. California Highway Patrol and Los Angeles Police Department*, 146 F. 3d 1133 (9th Cir. 1998); *Los Angeles Police Department v. United Reporting Publishing Corporation*, 120 S.Ct. 483, 145 L.Ed.2d 451 (1999); and *United Reporting Publishing Corporation v. California Highway Patrol and Los Angeles Police Department*, Order of the Ninth Circuit Court of Appeal dated November 1, 2000. Additional findings of fact and conclusions of law supporting this Final Judgement On Consent are set forth in the paragraphs below.

  C. United Reporting made a facial and as-applied challenge to a provision of the California Public Records Act, California Government Code section 6254(f) as that provision was amended, effective July 1, 1996, pursuant to Senate Bill 1059. Only the as applied challenge remains and is addressed by this Final Judgment on Consent. See *Los Angeles Police Department v. United Reporting Publishing Corporation*, 120 S.Ct. 483 (1999).

  D. California Government Code section 6254(f)(3) (hereafter "section 6254(f)(3)") provides that state and local law enforcement agencies shall make public: "the current address of every individual arrested by the agency and the current address of the victim of a crime, where the requester declares under penalties of perjury that the request is made for a scholarly, journalistic, political, or governmental purpose, or that the request is made for investigation purposes by a licensed private investigator . . . . Address information obtained pursuant to this paragraph shall not be used directly or

indirectly to sell a product or service to any individual or group of individuals, and the requester shall execute a declaration to that effect under penalty of perjury."

  E. United Reporting is an independently owned and operated private publishing service. It employs journalists, with press badges issued by the California Highway Patrol, to compile and publish crime beat news and information, including the names, addresses, and offenses charged of recent arrestees. United Reporting is entitled to First Amendment protection for its journalistic activities and publications. *Lovell v. Griffin,* 303 U.S. 444, 352 (1938). United Reporting's journalistic activities and publications fall within prong one of section 6254(f)(3).

  F. The second requirement of section 6254(f)(3), limiting the "direct and indirect" use of arrestee addresses, prevents United Reporting from applying for and publishing arrestee addresses because it cannot sign the required declaration without committing perjury and risking prosecution in violation of the First and Fourteenth Amendments to the United States Constitution. Section 6254(f)(3) plainly states the information sought by United Reporting cannot be released without the declaration required by the statute. Although United Reporting has never directly solicited arrestees, United Reporting knows many subscribers of its publications use the arrestee addresses to sell products and services, and otherwise engage in solicitation. Given the history of the statute and law enforcement's explicit attempts to target United Reporting and preclude it from publishing arrestee addresses to its subscribers, coupled with its knowledge of its subscribers' uses,

if it signed the declaration required by the statute it could be prosecuted for indirectly using arrestee addresses to sell a product or service. Accordingly, United Reporting cannot satisfy the statutory hurdle erected by section 6254(f)(3), and the statute precludes release of the information without the declaration required by the statute. As a result, United Reporting cannot obtain the information needed to continue its newsletter and information services activities, and the statute operates as a restraint on United Reporting's lawful speech in violation of the First and Fourteenth Amendments to the United States Constitution. United Reporting's as-applied challenge is thus perfected.

G. As applied to United Reporting's activities as described in this lawsuit, section 6254(f)(3) violates United Reporting's rights under the First Amendment to the United States Constitution by preventing United Reporting from engaging in its journalistic activities as described above.

H. For the reasons set forth in paragraphs B through G above, judgment is therefore entered that as applied to United Reporting, Government Code section 6254(f)(3) is unconstitutional in that it violates United Reporting's rights under the First and Fourteenth Amendments to the United States Constitution.

I. Judgement is also entered against LAPD and in favor of United Reporting for the total sum of $382,625.85, which consists of $352,226.25 in attorneys' fees and $30,399.60 in costs, to be paid within 10 days after entry of this judgment by the Court. Said amount shall accrue interest at the legal rate for post-

/////

judgment interest until paid if it is not timely paid in accordance with this provision.

J. This Action is dismissed with prejudice, provided, however, that this Court shall retain jurisdiction of this case for enforcement of the Settlement and this Final Judgment on Consent.

K. The parties hereby consent and agree to entry of this Consent Judgment without further notice and waive service thereof.

Dated: ~~July~~ Aug. 8, 2001

GRAY CARY WARE & FREIDENRICH LLP

By ______________________
GUYLYN R. CUMMINS
ATTORNEYS FOR UNITED REPORTING PUBLISHING CORPORATION

Dated: July 31, 2001

UNITED REPORTING PUBLISHING CORPORATION

By ______________________
CHRISTOPHER THOMPSON, CEO and President

Dated: July 18, 2001

CITY ATTORNEY, CITY OF LOS ANGELES

By ______________________
JAMES AXTELL, DEPUTY CITY ATTORNEY FOR LOS ANGELES POLICE DEPARTMENT

Dated: July 20, 2001

LOS ANGELES POLICE DEPARTMENT

By ______________________
AUTHORIZED REPRESENTATIVE FOR THE LOS ANGELES POLICE DEPARTMENT

judgment interest until paid if it is not timely paid in accordance with this provision.

J. This Action is dismissed with prejudice, provided, however, that this Court shall retain jurisdiction of this case for enforcement of the Settlement and this Final Judgment on Consent.

K. The parties hereby consent and agree to entry of this Consent Judgment without further notice and waive service thereof.

Dated: July ____, 2001

GRAY CARY WARE & FREIDENRICH LLP

By_______________________
GUYLYN R. CUMMINS
ATTORNEYS FOR UNITED REPORTING PUBLISHING CORPORATION

Dated: July____, 2001

UNITED REPORTING PUBLISHING CORPORATION

By_______________________
CHRISTOPHER THOMPSON, CEO and President

Dated: July 18, 2001

CITY ATTORNEY, CITY OF LOS ANGELES

By [signature]
JAMES AXTELL, DEPUTY CITY ATTORNEY FOR LOS ANGELES POLICE DEPARTMENT

Dated: July 20, 2001

LOS ANGELES POLICE DEPARTMENT

By [signature]
AUTHORIZED REPRESENTATIVE FOR THE LOS ANGELES POLICE DEPARTMENT

**IT IS SO ORDERED:**

Dated: 8-13, 2001

UNITED STATES DISTRICT JUDGE
HONORABLE JUDGE RUDI M. BREWSTER

GRAY CARY WARE & FREIDENRICH LLP
SD\1457065.1
1111111-111111
-6-
96cv0888-B
97-55111

**PROOF OF SERVICE**

I am a resident of the state of California, over the age of eighteen years, and not a party to the within action. My business address is Gray Cary Ware & Freidenrich, 401 B Street, Suite 1700, San Diego, California 92101-4297. On August 8, 2001, I served the within documents: **FINAL JUDGMENT ON CONSENT**

☒ By transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☒ By placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Diego, California addressed as set forth below.

☐ By personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

James K. Hahn, City Attorney
Cecil Marr
Senior Asst. City Attorney
James Axtell
Deputy City Attorney
200 North Main Street,
Seventeenth Floor
Los Angeles, CA 90012-4129
Tel: (213) 485-6393
Fax: (213) 485-8898

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I deposited the above document(s) for facsimile transmission in accordance with the office practice of Gray Cary Ware & Freidenrich LLP for collecting and processing facsimiles. I am familiar with the office practice of Gray Cary Ware & Freidenrich LLP for collecting, processing, and transmitting facsimiles, which practice is that when a facsimile is deposited with the Gray Cary Ware & Freidenrich LLP personnel responsible for facsimiles, such facsimile is transmitted that same day in the ordinary course of business. The facsimile of the above document(s) was transmitted to the above parties.

The facsimile was transmitted by 4:30 p.m. on August 8, 2001. The facsimile number of the sending machine is 619-236-1048 from San Diego, California

I declare under penalty of perjury under the laws of the state of California that the above is true and correct.

Executed on August 8, 2001 at San Diego, California.

Lorri J. Kanski

Lorri J. Kanski